**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:99-00198-05

LEONARD ANDREW SAYLES,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Leonard Andrew Sayles was one of eight defendants indicted for operating a cocaine base distribution ring in 1999. A jury convicted Defendant on all counts. (Docket 177.) At sentencing, then-Chief Judge Haden determined Defendant to be responsible for approximately 950 grams of cocaine base as relevant conduct, which resulted in a total offense level of 36 and an imprisonment range of 188 to 235 months. Defendant was separately sentenced to a consecutive term of 60 months pursuant to 18 U.S.C. § 924(c) for carrying a firearm during the drug offenses. The total sentence imposed was 248 months' imprisonment (188 months plus 60 months). (Docket 447.)[*]

On September 28, 2010, Defendant filed a motion pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence based on the 2007 amendment to the U.S. Sentencing Guidelines. (Docket

---

[*] Defendant was originally awarded a two-level role enhancement for his participation in the drug distribution ring. Thus, his original total offense level was 38, which yielded an imprisonment range of 235 to 293 months on the drug counts. Chief Judge Haden sentenced Defendant to a total of 295 months' imprisonment (235 months plus 60 months). (Docket 248.) Defendant challenged the role enhancement before the Fourth Circuit, which vacated the enhancement and remanded for resentencing. *See United States v. Sayles*, 296 F.3d 219, 224-27 (4th Cir. 2002). Defendant's sentence of 248 months resulted.

752.) Due to the 2007 amendment's shift in the drug quantity table, U.S.S.G. § 2D1.1, Defendant's offense level was reduced to 34, his imprisonment range for his drug convictions to 151 to 188 months, and his total sentence to 211 months (151 months plus 60 months). (Docket 763.)

On December 28, 2011, the Court sua sponte ordered memoranda addressing Defendant's eligibility for an additional reduction in sentence pursuant to the 2011 guideline amendment regarding cocaine base penalties. Under the amended drug quantity table, Defendant's offense level remains 34. Accordingly, as to the 2011 guideline amendment, Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and he is therefore ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court entered an order denying relief on January 20, 2012. (Docket 788.)

On February 24, 2012, Defendant filed a notice of appeal to the Courts Order denying relief pursuant to § 3582(c)(2). Also on February 24, 2012, Defendant filed in this Court another § 3582 motion and a motion for appointment of counsel. The latter two motions were denied for lack of jurisdiction since Defendant's appeal was pending before the Court was able to consider the motions. (Docket 800.) Defendant voluntarily dismissed his appeal in the Fourth Circuit on May 14, 2012, and he re-filed his § 3582 motion and motion for appointment of counsel in this Court on the same date. (Dockets 801-804.) The Court now addresses the motion pursuant to § 3582 and the motion for appointment of counsel.

As stated, 18 U.S.C. § 3582(c)(2) permits modification of sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Defendant qualified for a reduction in sentence pursuant to this provision regarding the 2007 guideline amendment because his total offense level was reduced from 36 to 34 by operation of that amendment. Specifically, Defendant's

relevant conduct— approximately 950 grams of cocaine base—was assigned a lower offense level by the 2007 amendment, and Defendant was able to take advantage of that reduction because the Sentencing Commission designated the amendment for retroactive application. However, Defendant's relevant conduct was not assigned a lower offense level by the 2011 amendment. Before the 2011 amendment, any quantity of cocaine base between 500 and 1500 grams was assigned an offense level of 34; after the amendment, any quantity of cocaine base between 840 and 2800 grams is assigned an offense level of 34. *Compare* U.S.S.G. §2D1.1(c)(3) (2010), *with* U.S.S.G. §2D1.1(c)(3) (2011). It is apparent, therefore, that Defendant's offense level remains 34 under the post-2011 amendment guidelines, and he is ineligible for a reduction in sentence. For this reason, the Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 [Docket 801] must be **DENIED**. The motion for appointment of counsel [Docket 802] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: June 15, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE